# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-277-02 |
| | § | |
| CYNTHIA ENEANYA, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Cynthia Eneanya's Motion to Reconsider Conditions of Bond [Doc. # 51], dated August 19, 2005 ("Motion"). The Government opposes altering the conditions of bond imposed by Magistrate Judge Calvin Botley upon Defendant's motion for reconsideration of Magistrate Judge Mary Milloy's original decision to deny Defendant bond.[1] The Court has considered the Motion, the parties' arguments before this Court, all prior briefing on this issue, the parties' arguments and testimony before Magistrate Judge Botley, the Pretrial Services Report as originally issued and then amended, and Magistrate Judge Botley's oral findings of fact and conclusions of law of July 14, 2005. The Court incorporates and adopts Magistrate Judge Botley's written and

---

[1]  Defendant moved for reconsideration of the denial of bond, which motion was heard by Magistrate Judge Calvin Botley on July 8, 2005. *See* Doc. # 28; Government's Response to Defendant's Motion for Reconsideration of Bond Conditions [Doc. # 29].

oral findings. The Court denies Defendant's Motion to Reconsider in substantial part. Bond conditions imposed by Magistrate Judge Botley will remain intact except that the necessary bond will be lowered to $50,000.

Defendant is charged in a multi-count indictment with conspiracy to defraud the United States, conspiracy to launder monetary instruments, as well as aiding and abetting wire fraud in violation of 18 U.S.C. §§ 371, 1956(h), 1343, and 18 U.S.C. § 2.

## **DISTRICT COURT'S ROLE**

The district court's role in reviewing detention orders was described by the Fifth Circuit in *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985):

> When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release.

Section 3145 gives the defendant the right, when an order of detention has been entered by a Magistrate Judge, to seek review of that order. It does not require a *de novo* evidentiary hearing. The district court may undertake the review by considering the evidence in the record before the Magistrate Judge. The district court, either from the record before the Magistrate Judge alone or from a record supplemented by the parties, shall independently determine whether pretrial detention is warranted. *See United States v. Westbrook*, 780 F.2d 1185, 1188 n.4 (5th Cir. 1986).

## **LEGAL STANDARD**

Before detention is warranted, the Court must find that the Government has established by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the . . . safety of any other person and the community." 18 U.S.C. § 3142(f)(2); *see also Fortna*, 769 F.2d at 251; *accord United States v. Jackson*, 845 F.2d 1262, 1264 (5th Cir. 1988). Also, the Government must show by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance in court. *See United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *Fortna*, 769 F.2d. at 250, 251 n.7. Where the judicial officer determines that release is warranted but that release on personal recognizance or that an unsecured appearance bond is sufficient, *see* 18 U.S.C. § 3142(b), the officer "shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .." *Id.* § 3142(c). "The judicial officer is not given unbridled discretion in making the detention determination. Congress has specified the considerations relevant to that decision. These factors include the nature and seriousness of the charges, the substantiality of the Government's evidence against the arrestee, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by the suspect's release." *United States v. Salerno*, 481 U.S. 739, 742-43 (1987) (citing 18 U.S.C. § 3142(g)).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a court is to consider the following factors:

1. The nature and circumstances of the offense charged, including whether the offense involves a narcotic drug;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Finally, in considering the conditions of release and property potentially available to be forfeited upon failure to appear or potentially available to serve as security for bond, the Court may evaluate the source of property to be designated. *Id.* § 3142(g)(4). The Court may decline to accept the designation or the use as collateral of property that, because of its source, will not reasonably assure the appearance of the defendant as required. *Id*.

## **DISCUSSION**

In the case at bar, Magistrate Judge Botley conducted a full detention hearing for Defendant. At the hearing, Defendant was represented by counsel and had the opportunity to testify, to present witnesses, to proffer the anticipated testimony of other witnesses, and to cross-examine the United States' witness. In addition, Defendant's counsel made argument concerning Defendant's family, and other matters. After considering all the evidence, the observable demeanor of the witnesses, and a complete Pretrial Services Report (as amended), Magistrate Judge Botley found that release under stringent conditions was warranted. In addition to requiring a $150,000 corporate surety bond, Magistrate Judge Botley required Defendant to surrender all passports that she holds; placed Defendant under house arrest with electronic monitoring and weekly reporting by telephone to Pretrial Services; and restricted all travel, work in the mortgage industry, and contact with certain persons. Defendant contends the condition of a $150,000 bond from a corporate surety is excessive and unfair, and precludes her release as a practical matter.

After careful consideration, this Court decides it will alter in one respect the Magistrate Judge's findings and conclusions on the appropriate conditions of release: the corporate surety bond will be $50,000, not $150,000. The Court concludes that a $50,000 bond is the least restrictive financial condition that will assure Defendant's appearance at Court as needed. The $150,000 bond is excessive under the circumstances. However, for reasons explained hereafter, Defendant may not use the house she recently purchased as collateral.

The Court also has considered carefully the parties' additional arguments made orally about alternate appropriate conditions but is unpersuaded.  As to the first two factors under § 3142(g), the Court finds that the Government's evidence and theories articulated against Defendant thus far concerning her knowledge of the alleged fraud are weighty.  Aside from the evidence adduced at the detention hearing on July 5, 2005, the Court finds persuasive in particular the Government's argument submitted in response to Defendant's first reconsideration motion.

The Court has considered the third factor of § 3142(g), Defendant's "history and characteristics" including her character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."  Defendant is a naturalized United States citizen.  She states her Nigerian passport is expired.[2]  Defendant has ties to friends in Houston who are upstanding United States citizens.  There is no evidence suggesting that Defendant would follow the lead Defendant, Peter Kolo (who is her brother-in-law and a fugitive), for romantic or other reasons.

Nevertheless, the Court finds sound most of the Magistrate Judge's rulings on the least restrictive conditions or combination of conditions of release that will reasonably

---

[2]  According to the Pretrial Services Report, Defendant stated she could not find her Nigerian passport.

assure the appearance of the person as required. Defendant, a native of Nigeria, appears to have assets that would enable her to flee from this jurisdiction to other parts of the United States or to Nigeria where her mother lives and she has other close family ties. Defendant has been in the United States fifteen years, but has no spouse or children in the here in Texas or the United States. Defendant assisted her brother-in-law, Kolo, the central figure in the alleged fraud, by arranging for payment of the funds for his bond in a separate criminal case. Those funds are allegedly fruits of the crimes charged in this case. Defendant worked as his chief assistant during the alleged conspiracy, admittedly doing all the paperwork for the loans in issue. It is unclear that Defendant owns a permanent residence in the United States, let alone in the Houston area, because she states she has been living with her sister-in-law. The evidence reveals that Defendant owns two houses. One is rented to others. The Government asserts that Defendant acquired the second house recently through misrepresentations about her income, much like the alleged fraud of which she and the other Defendants in this case are accused. Defendant was self-employed as a loan closer, a skill she could use anywhere. Defendant has used multiple names in the last fifteen years. Although she has an explanation for each name, the failure to restrict herself to the use of one or two names in this period is out of the ordinary and raises suspicion.

On balance, the Court is persuaded that the Government has met its burden to show that stringent financial conditions are necessary because Defendant's ties to the community are not substantial.[3]

In summary, Defendant provides *new* reasons that warrant a lowering of the corporate surety bond condition imposed by Magistrate Judge Botley, but not elimination of that or the other conditions he imposed. It is therefore

**ORDERED** that the Court finds that the required corporate surety bond will be $50,000 and the other conditions of release imposed by Magistrate Judge Calvin Botley are affirmed.

SIGNED at Houston, Texas this **29th** day of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge

---

[3] The fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, is not material to the Court's analysis here where the issue is the bond conditions to be imposed, not whether bond should be granted.